HAWKINS v. TOWNSHIP OF WYOMING.

1. ADVERSE POSSESSION—PUBLIC ALLEY.
    Adjoining property owner may not, by encroachment on public
    alley, acquire title thereto (Act No. '46, Pub. Acts 1907,
    superseded but continued by section 12311, 3 Comp. Laws
    1915).

2. JUDGMENT—RES ADJUDICATA.
    In suit to quiet title to public alley in plaintiff on ground that
    she has title by adverse possession, adjudication in former
    suit that land involved was public alley is *res adjudicata* of
    adverse possession, where, under pleadings in that case, ad-
    verse possession was triable issue.

3. ADVERSE POSSESSION—PUBLIC ALLEY.
    Adjoining property owner could not, by adverse possession com-
    mencing in 1910, acquire title to any part of public alley.

Appeal from Kent, Dunham (Major L.), J. Sub-
mitted June 6, 1930. (Docket No. 50, Calendar No.
34,891.) Decided October 3, 1930.

Bill by Addie E. Hawkins against the township of
Wyoming and others to quiet title to an alley. Cross-
bill by defendants to enjoin interference with the
alley. From decree dismissing plaintiff's bill and
for defendants on their cross-bill, plaintiff appeals.
Affirmed.

*Irving H. Smith* and *Peter J. Danhof,* for plain-
tiff.

*Linsey, Shivel & Phelps,* for defendants.

WIEST, C. J. Plaintiff claims that adverse posses-
sion has accorded her title to land designated as an
alley and dedicated to the use of the public in a plat
recorded in January, 1892, and filed the bill herein

to have her title quieted. Defendants, by answer, raised issues of fact and law, asserted former adjudication, and, by cross-bill, asked that plaintiff be enjoined from interfering with the alley. Plaintiff appealed from a decree dismissing her bill, confirming existence of the alley, and enjoining interference therewith.

If the alley was accepted by public user, or by the improvement of any part thereof, plaintiff could not, by encroachment thereon, acquire title. See Act No. 46, Pub. Acts 1907, as superseded but continued by section 12311, 3 Comp. Laws 1915. The alley was so used and improved at street intersections.

In 1927, plaintiff claimed that the land in suit was part of a public alley, and filed a petition in the Kent circuit to have the alley vacated and the land in suit revert to her as owner of abutting property. She then also claimed title by adverse possession. The petition was heard upon pleadings and proofs and dismissed by decree. The decree was affirmed by this court. *In re Petition of Hawkins*, 244 Mich. 681. Pleadings in that proceeding left petitioner to her proofs upon the issue of adverse possession. Whether proofs were so made does not appear by this record. Whether made or not the pleadings constituted adverse possession a triable issue in the proceeding to vacate, and the decree therein was an adjudication that the land in suit was part of a public alley.

Plaintiff could not, by adverse possession commencing in 1910, acquire title to any part of the alley.

The decree in the circuit is affirmed, with costs to defendants.

BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred. SHARPE, J., did not sit.