DeFLYER v. OCEANA COUNTY ROAD COMMISSIONERS.

1. HIGHWAYS AND STREETS—USER AND IMPROVEMENT OF PART EFFECTS ACCEPTANCE OF WHOLE.

   The user and expenditure of public funds for road purposes on a part of a stub road leading from a previously established road to the west to the west shore of a lake, *held*, sufficient to constitute an acceptance of the full length of the road as laid out over the plaintiffs' lands abutting on the easterly portion of the road (CL 1948, § 221.20).

2. SAME—SERVICE OF NOTICE OF HEARING—PETITIONERS FOR LAYING OUT HIGHWAY—OBJECTION BY SUCCESSOR.

   Present owners of land *held*, not in a position to challenge the validity of 1915 proceedings to lay out a highway over their land for lack of service of notice of hearing by the then commissioner, where the then owners had signed application or petition for such purpose (CL 1948, § 221.20).

3. SAME—SIGNATURE ON PETITION TO LAY OUT HIGHWAY—DEDICATION.

   The owner of land abutting a proposed highway who signs the petition for laying out such road effects a common-law, if not a statutory, dedication of portion of his land affected by the highway as laid out (CL 1948, § 221.20).

4. SAME—LAYING OUT PROCEEDINGS—CHALLENGE AFTER USER FOR 8 YEARS.

   User of land for public highway purposes for more than 8 years without objection by abutting property owners bars them from challenging the regularity of proceedings for laying out the road upwards of 45 years previously (CL 1948, § 221.20).

5. SAME—COUNTY TAKE OVER OF TOWNSHIP ROADS—EVIDENCE.

   Action of county road commissioners in doing roadwork on 2-rod strip of land along section line on what had been laid out

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 16 Am Jur, Dedication § 34 *et seq.*
[2, 3] 25 Am Jur, Highways §§ 22, 24, 30.

upwards of 45 years theretofore as a township highway and taken over by county 25 years previously could not deprive abutting owners of title to the premises but was evidence of the understanding of township and county officials that the strip was a part of the township's highway system, a fact of which the present abutting owners could have taken some notice by reason of the description of the premises in the deed on which their rights depend (CL 1948, § 221.20, § 247.1 *et seq.*).

Appeal from Oceana; Van Domelen (Harold), J. Submitted May 6, 1964. (Calendar No. 51, Docket No. 49,999.) Decided January 5, 1965.

Bill by Elizabeth DeFlyer·and others against the Board of County Road Commissioners of the County of Oceana, a statutory body corporate, to enjoin trespass, determine ownership of strip of land, and obtain damages. Bill dismissed and disputed land held to be public highway. Plaintiffs appeal. Affirmed.

*Reber & Reber (Harry D. Reber,* of counsel), for plaintiffs.

*Hinds, Sikkenga & Prince (Clifford W. Prince,* of counsel), for defendant.

DETHMERS, J. Plaintiffs own land in the N 1/2 of the NW 1/4 of section 12, Newfield township, Oceana county, Michigan, either bordering on or lying 2 rods south of the north line of that section. West therefrom, at about the east 1/8 line of sections 2 and 11, a north and south public highway is and long has been located. In 1915 several freeholders, including those who then were the owners of plaintiffs' land, signed and filed a written application to the township commissioner of highways to lay out a highway to run east from said north and south public highway along the section line between

said sections 2 and 11 to the section corner of sections 1 and 12 and thence east along the section line between those 2 sections 1 and 12, to the waters of McLaren lake. The township records disclose that pursuant thereto the commissioner caused an entry to be made therein purporting to order and determine that such highway be and it was thereby laid out and established. This highway is referred to in this case as the stub road. Under the statute then in effect, governing the proceedings here in question, PA 1909, No 283, § 20 (CL 1915, § 4307; CL 1948, § 221.20 [Stat Ann 1958 Rev § 9.21]), the highway was 4 rods wide, being 2 rods on each side of the section line.

In 1921 the owners of what now is plaintiffs' land, who had signed said application in 1915, made and delivered a deed to plaintiffs' immediate predecessors, through which plaintiffs trace their title, in which the description began at a point purporting to be the northwest corner of the land conveyed. It described that starting point as being 2 rods south of the north line of section 12, from which the line then ran south to the waters of the lake, thence northeasterly along those waters to the section line and thence west 8 rods to point of beginning. If that last line, 8 rods in length, which is the north line of the description, be considered as having followed the section line between sections 1 and 12, then a 2-rod gap was left between point of beginning and point of ending of the description. If the description be deemed to have closed at that point, then the said north line of the description could not have followed that section line. The north 2 rods of section 12 along that section line constitute the strip in controversy in this case. Plaintiffs say they own the same. Defendant says that it is part of the highway laid out by the commissioner in 1915. In 1936 the county road commission

took over certain township roads, including what purports to be the stub road in question, under the so-called McNitt act (CL 1948, § 247.1 *et seq.* [Stat Ann § 9.141 *et seq.*]).

In 1961 defendant board of county road commissioners caused workmen and machinery to invade the disputed area, caused trees to be removed therefrom, destroyed a fence placed thereon along the section line by plaintiffs and caused grading and road work to be done on it. Plaintiffs brought this suit to enjoin defendant from so doing, to be decreed the owner of the strip and to recover for damages inflicted thereon by defendant. From decree dismissing plaintiffs' bill of complaint and holding the 2-rod-wide disputed strip to be part of a public highway, they appeal here.

Plaintiffs' contentions in support of their claim of ownership free from any easement rights for public highway purposes are as follows: (1) The record of the township highway commissioner's action in laying out the highway in 1915 has no validity because of lack of compliance with statutory requirements in that (a) there was no evidence of service of notice of hearing on the mentioned application on affected property owners; (b) there was no proof of such service filed; (c) there was no evidence of the commissioner having filed with the township clerk, within 5 days after his determination for laying out the highway, a full record of his doings in the premises; (2) the commissioner did not secure a right-of-way by gift or purchase from plaintiffs' predecessors as owners of some of the land to be crossed; (3) there had been no public user or expenditure of public funds or road work done upon that portion of the stub road claimed to be owned by plaintiffs; (4) if there had been such user and expenditure it could not have effectuated the creation of a public highway without dedication of the land

or conveyance thereof by the owner for that purpose and acceptance by the township; (5) the county road commission action of taking over under the McNitt act was ineffective to take over private property which was not a township highway.

Defendant counters with the following: (1) That said section 20 of the mentioned governing act provided that all roads laid out and used as such for 8 years or more shall be deemed to be public highways and that at least a portion of the stub road was so used for more than 8 years, all without objection during that time by plaintiffs or their predecessors; (2) that plaintiffs may not complain of the commissioner's failure, if it existed, to serve notice of the proceedings because plaintiffs' predecessors in title and then owners signed the application for laying out the highway; (3) the description in the conveyance to plaintiffs' immediate predecessors disclosed an intent by the grantors, who were signers of the application, to except the north 2 rods for highway purposes; (4) that public user and expenditure of public funds on the portion of the stub road west of plaintiffs' property sufficed to amount to public acceptance of the entire road.

There was some evidence of public user of the entire length of the stub road, but this was disputed by plaintiffs as relates to the portion adjacent to or on their land. Expenditure of public funds for road purposes did occur on the portion west of plaintiffs' property, but apparently not on the disputed strip. The trial court held that such user and expenditure on the part of the road west of plaintiffs' premises was sufficient to constitute an acceptance of the full length of the road as laid out over plaintiffs' and other lands to the waters of McLaren lake. This he did in reliance on *In re Vacation of Cara Avenue,* 350 Mich 283, 290. Defendant urges for the same proposition the additional cases

of *Crosby* v. *City of Greenville,* 183 Mich 452, *Hawkins* v. *Township of Wyoming,* 251 Mich 506, and *Neal* v. *Gilmore,* 141 Mich 519. We think the trial court was correct in this respect.

Furthermore, we hold that plaintiffs are not in a position to challenge the validity of the laying out proceedings in 1915 for lack of service of notice of hearing by the commissioner because the then owners of plaintiffs' land signed the application or petition therefor. Also, their action in that respect was the equivalent of at least a common-law if not a statutory dedication of the strip for highway purposes, thus rebutting plaintiffs' complaint of lack of conveyance or dedication of the strip by the property owners. We agree with defendant that said section 20 of the act bars plaintiffs, after more than 8 years of user without objection by them, from now challenging the regularity of the 1915 proceedings. See *Potter* v. *Safford,* 50 Mich 46. While the county road commissioners' action under the McNitt act could not deprive plaintiffs of title, *Missaukee Lakes Land Co.* v. *Missaukee County Road Commission,* 333 Mich 372, it is indicative of the understanding by the township and county officials, at least, that the disputed strip was part of the township's highway system. This is precisely what plaintiffs' predecessors in title had wanted and asked for in their 1915 petition or application. Of this fact, plaintiffs could have taken some notice by reason of the gap in description of the premises in the deed on which their rights depend, indicating a probable intent to except the usual 2 rods along a section line for highway purposes.

Affirmed, with costs to defendant.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.