DRYFOOS *v.* TOWNSHIP OF MAPLE GROVE.

1. DEDICATION—HIGHWAYS—LACK OF USE.
   An implied dedication of a highway by the landowner, on prescription, is not to be found, where there is a lack of use by the general public that is exclusive, open, and notorious (CL 1948, § 221.20).

2. SAME—HIGHWAYS—ACCEPTANCE—MAINTENANCE.
   A dedication of a highway must, in order to be rendered a public highway, be followed by an acceptance by the public authorities, with the way taken and maintained as other highways (CL 1948, § 221.20).

3. SAME—HIGHWAYS—IMPLIED DEDICATION—ACCEPTANCE—EVIDENCE.
   Evidence presented in suit to enjoin township highway officers from removal of obstructions plaintiff had placed near public highway in way to lake *held*, insufficient to establish either an implied dedication or an acceptance of a dedication of such way by public authorities (CL 1948, § 221.20).

4. COSTS—PUBLIC QUESTION—HIGHWAYS.
   No costs are allowed in suit to enjoin defendant township highway officers from removal of obstructions plaintiff had placed near public highway in way to a lake, a public matter being involved.

Appeal from Barry; McDonald (Archie D.), J. Submitted January 31, 1961. (Docket No. 77, Calendar No. 48,200.) Decided June 28, 1961.

Bill by Robert J. Dryfoos against the Township of Maple Grove, the Township of Castleton, and cer-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Dedication § 45.
[2] 16 Am Jur, Dedication § 31.
[3] 16 Am Jur, Dedication § 82.
[4] 14 Am Jur, Costs § 37.

tain of their officials to enjoin removal of obstructions on private road and to foreclose any claimed public right thereto. Cross bill by Leslie F. Feighner, intervening defendant, to enjoin interference with public use of property. Decree for plaintiff. Defendants appeal. Affirmed.

*Dean & Siegel,* for plaintiff.

*Adelbert Cortright,* for defendants.

SMITH, J. This case involves a dispute between 2 neighbors. They live across the road from each other. One has blocked it off and the other objects.

At an earlier time the neighbor raising the objection, Leslie F. Feighner, and his wife, owned all of the property here involved. Between the years 1938 and 1941 they conveyed to the plaintiff, Robert Dryfoos, the land to the north of the road and a portion of the land to the south, retaining, however, that portion upon which their home stood, which was to the west of the portion conveyed. The road, alleged to be a public highway, is only about 30 rods in length, running east from a road called "East road" (sometimes called "Cemetery avenue," or "road") to a lake, described in the record as "Lake One."

The road, short though it may be, is long enough to arouse both recrimination and resentment. Controversy over its status (public road or private way) had smoldered for years. It was fanned into flame by the action of plaintiff Dryfoos in installing posts in it near its intersection with East road. The defendant highway commissioner served notice on the plaintiff to remove them, whereupon plaintiff filed a bill of complaint to enjoin the township from removing obstructions and to decree that the public has no right, title, or interest in the premises owned by the plaintiff. Mr. Feighner thereupon sought and

obtained permission to intervene, and filed a cross bill claiming that the road is a public road. It is not asserted that there was any formal dedication but it is asserted that there has been long and established user.[1] The trial chancellor having found no acceptance of the road, the defendants and intervenor are here on a general appeal.

The difficulty with the defendants' case lies in the facts. There has been some user of the way since long before the turn of the century. Forty or 50 years ago some persons used to get their summer ice from Lake One, but whether this use was permissive or not is not shown. Ice fishermen have used it, some with permission, others with knowledge of trespass. Still others said they considered it a public road and at least 1 witness concluded his testimony by guessing it was a public road. Some permissive use of the road through the kindness of Mr. Feighner himself was shown and in this connection it was of significance to the trial chancellor, as it is to us, that when Mr. Feighner himself deeded property to plaintiff in 1941 he reserved a "right to access to the lake," a precaution hardly necessary if, in truth, the road in question was a public highway. All of this is a far cry from the situation in *Pulleyblank* v. *Mason County Road Commission,* 350 Mich 223, upon which appellant relies, wherein the user was found to have been continuous by the general public, including the transportation thereon of lumber and farm produce for some 35 years.

As for upkeep of the road the showings are equally thin. There may at one time have been some working by village officials, though the extent is doubtful. Since 1943, when the disputed road and adjacent area was disconnected from the village of Nashville, no work has been done on it. It has never been accepted

---

[1] CL 1948, § 221.20 (Stat Ann 1958 Rev § 9.21).

as a part of the Barry county road system, nor has any work been done on it by the township. Actually, it is in poor condition, there being some testimony that it is rutted and washed out. Whether actually passable or not, we note that both plaintiff and Mr. Feighner have built new roads into their properties, not relying upon the one here under consideration.

There seems to be no possible theory upon which defendants may prevail. We cannot find an implied dedication by the landowner, or prescription, for lack of use by the general public, exclusive, open, and notorious. See *Alton* v. *Meeuwenberg*, 108 Mich 629. Moreover, a dedication in this State as a matter of general law, as well as under the statute relied upon by defendants, must be followed by an acceptance by the public authorities, with the way taken and maintained as other highways, *Chapman* v. *City of Sault Ste. Marie*, 146 Mich 23, proof of which, also, is here lacking.

The decree is affirmed. No costs, a public matter.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.