PETOSKEY CHAMBER OF COMMERCE *v.*
CITY OF PETOSKEY.

1. LANDLORD AND TENANT—ADVERSE POSSESSION.
    A lessee may not gain lessor's title to leased land by adverse possession.

2. QUIETING TITLE—FINDINGS OF TRIAL COURT—FEE TITLE—COMMON-LAW DEDICATION.
    Findings of trial court in suit to quiet title that fee title had been acquired by plaintiff city chamber of commerce and that it had dedicated the parcel to the public for park purposes by common-law dedication are affirmed under record presented.

3. HIGHWAYS—LAND DEDICATED FOR PARK PURPOSES.
    Disposition of fund paid by State highway department for land owned by plaintiff city chamber of commerce that it had dedicated to the public for park purposes by common-law dedication is not passed upon, but determination by trial court of rights thereto is required as to such disposition before adjudication thereof by the Supreme Court, public rights being involved and there being a want of clarity of facts and of respective positions of counsel regarding same.

4. COSTS—QUIETING TITLE—DISPOSITION OF PAYMENT FOR LAND BOUGHT FOR HIGHWAY PURPOSES—PARKS.
    No costs are allowed on appeal in suit to quiet title to land wherein there is affirmance of findings of trial court that fee title reposed in plaintiff and that the premises had been dedicated to the public for park purposes but no disposition made of fund paid by State highway department for a portion of the premises.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur 2d, Adverse Possession §§ 166–171.
[2] 16 Am Jur, Dedication § 9 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 962.
[4] 5 Am Jur 2d, Appeal and Error § 1010.

Appeal from Emmet; Glennie (Philip J.), J., presiding. Submitted February 7, 1964. (Calendar No. 60, Docket No. 50,290.) Decided April 6, 1964.

Bill by Petoskey Chamber of Commerce, a Michigan nonprofit corporation, against the City of Petoskey, a municipal corporation, and various of its officials, to quiet title. Cross bill by defendant city for same relief. Decree determining land in question dedicated to public use but granting to plaintiff sums held in escrow for portion being purchased by State highway department. Plaintiff appeals. Defendant city cross-appeals. Affirmed in part.

*Benjamin V. Halstead, Martin B. Breighner,* and *Albert T. Washburne,* for plaintiff.

*Nathaniel W. Stroup,* City Attorney, for defendants and cross-plaintiff.

Black, J. Bill and cross bill to quiet title to a parcel of real estate situated in the city of Petoskey. The parcel once was known as the Arlington Hotel property. The hotel was destroyed by fire in 1912. Manifestly of little value after the fire, the parcel is now worth a considerable sum, estimated at about $90,000.

Plaintiff Chamber of Commerce has record title by deed dated and recorded in June of 1920. April 4, 1925 the plaintiff Chamber as lessor and the defendant city as lessee, executed an informal lease[1] of the parcel which, with the deed of 1920 to the Chamber, seems to have been forgotten and overlooked until 1959. This special provision appears in the lease: -

---

[1] The lease, apparently prepared on a printed form, carries this wording next after the legal description: "for the term of ... from and after the 4th day of April, 1925 on the terms and conditions hereinafter mentioned, to be occupied for park purposes."

"It is hereby understood by parties hereto that this lease shall remain in force until written notice is given to said party of second part [city] by said party of first part [Chamber of Commerce], terminating lease."

In 1959 the State highway department required a portion of the parcel for highway purposes. Its search of the title brought to light the deed and lease. The required portion was sold to the highway department, by the plaintiff Chamber, for $19,000. The fund is impounded pending outcome of this suit.

It was and is the city's position that it held title to the parcel by adverse possession; also that the parcel had been dedicated to it. For valid reason the chancellor denied that the city did or could hold adversely as against its lessor. For factually supported reason he upheld the city's claim of common-law dedication. The following is taken from his opinion:

"As previously stated by the court in its findings of fact, there is a strong inference that the property was originally acquired for use as a public park. The Chamber's interest in this respect is strongly manifested as early as 1922 and the dominant moving force after 1925 is requesting the city to develop the site as a public park. The land became tax exempt, and the city and the board of education spent considerable sums to develop and maintain it, and the Chamber assisted in such activities.

"The Chamber's conduct over a period of 38 years indicates this intent to dedicate this property to public use as a park. The city has met the burden of proof, and the Chamber is now estopped to deny its use, or at least precluded from denying said use. The principles of a common-law dedication have been established.

"It is to be noted here that by a common-law dedication, the title does not pass, whereas the fee would pass by adverse possession. This principle is stated in 16 Am Jur, Dedication, § 56, pp 402, 403:

" 'By a common-law dedication, the fee does not pass. The public acquires only an easement or such an interest in the land as is necessary for its enjoyment of the use. The fee ordinarily remains in the proprietor, the public holding the easement in trust. The legal or equitable title to land is not lost or destroyed by dedication.'

"The court holds that the Chamber may deed that portion of the real estate which has heretofore been condemned and as such is entitled to all moneys held in escrow. The balance of the real estate shall be held in trust for the use and benefit of the public so long as such use is for park purposes."

Decree[2] entered accordingly.

The facts as found fully justify application of the common-law principle laid down in the early cases of *City of Cincinnati* v. *Lessee of White,* 31 US (6 Pet) 431 (8 L ed 452), and *New Orleans* v. *United States,* 35 US (10 Pet) 662 (9 L ed 573). The latter case was quoted at length in the separate opinion of *Amalgamated Clothing Workers, AFL-CIO,* v. *Wonderland Shopping Center, Inc.,* 370 Mich 547, at 567; which separate opinion bears the signatures of 4 of our present membership. For additional authorities to the point, see the same opinion commencing at 565.

We affirm the chancellor's decree insofar as it determines that the plaintiff Chamber in 1920 acquired title in fee to the parcel; also insofar as it determines that the plaintiff Chamber "had dedicated said parcel to the public for park purposes by common-law dedication." That portion of the decree, which

[2] Although a decree as heretofore known is now denominated a "judgment" (GCR 1963, 518.1), we shall in this opinion continue to use the word "decree."

determines that the plaintiff Chamber "is entitled to any and all moneys or other compensation payable by the highway authorities of the State of Michigan by reason of such taking for highway use", is neither affirmed nor disaffirmed for want of clarity of facts and of respective positions of counsel regarding same; also because public rights are involved. In event, affirmance as above having been adjudged, further question should arise with respect to disposition—proportionate or otherwise—of the fund, such question will have to be presented to and decided by the trial chancellor prior to consideration thereof in this Court.

Decree affirmed to extent indicated. No costs.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.