### SHARKEY *v.* CITY OF PETOSKEY

1. DEDICATION—PUBLIC STREETS—FORMALITIES.
   No formal dedication is necessary for public streets.

2. DEDICATION—COMMON-LAW DEDICATION—REQUIREMENTS.
   A common-law dedication is created where there is (1) an intention on the part of the owner to dedicate lands to public use and (2) an acceptance of such dedication by public authorities.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Dedication § 21.
[2] 23 Am Jur 2d, Dedication §§ 19, 42.
[3] 23 Am Jur 2d, Dedication § 50.
[4] 23 Am Jur 2d, Dedication §§ 21, 22, 25.
[5] 23 Am Jur 2d, Dedication §§ 50, 51.
[6] 39 Am Jur 2d, Highways, Streets, and Bridges § 75.
[7] 37 Am Jur, Municipal Corporations §§ 69, 70.
[8] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 73, 130, 131, 202.

3. DEDICATION—ACCEPTANCE—METHODS.

A public authority's acceptance of dedication of land donated for public use may be by either express declaration or by acts of the public authority indicating an intention to accept the dedicated property for the public purpose for which the owner by his declaration or acts, dedicated the land.

4. DEDICATION—RIGHT-OF-WAY—INTENTION TO DEDICATE.

The original government patentee's setting aside a strip of land as a right-of-way at the time of his conveyances of abutting land was a sufficient manifestation of his intention to dedicate the land to the public use.

5. DEDICATION—ACCEPTANCE.

City's installing water mains, fire hydrant service, lights, and a sewer system, plowing snow from a street in winter, and paving a portion of the street were sufficient to constitute an acceptance of the street's dedication to the public use.

6. MUNICIPAL CORPORATIONS—SIDEWALKS—CITY COUNCIL'S AUTHORITY—DISCRETION.

A city council has, by statute, the power to build sidewalks; where sidewalks are to be built and how wise or unwise it is to build them is a question for the city council, not the courts (MCLA § 103.1).

7. MUNICIPAL CORPORATIONS—CITY COUNCIL—JUDICIAL REVIEW.

City council's actions cannot be questioned by the courts unless the city council's authority has been illegally exercised; a city council's action will not be interfered with merely because it may not seem to other persons to have been as wise as it ought to have been.

8. MUNICIPAL CORPORATIONS — PUBLIC STREETS — CITY COUNCIL'S AUTHORITY.

A city council's removing a barricade and changing a dead-end street to a through street was within the council's power because a city council, by statute, has the authority to supervise the city streets (MCLA § 102.1).

Appeal from Emmet, Stuart Hoffius, J. Submitted Division 3 November 12, 1970, at Grand Rapids. (Docket Nos. 8459, 8460.) Decided February 18, 1971. Leave to appeal denied May 13, 1971, 384 Mich 841.

Complaint by Reginald and Vivian Sharkey and Donald and Dorothy Price and others against the City of Petoskey to quiet title to land and for other relief. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Howard H. Campbell,* for plaintiffs.

*Nathaniel W. Stroup,* City Attorney, for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and MUNRO,* JJ.

T. M. BURNS, P. J. The original government patentee of the land now in dispute was Lewis Petoskey. Petoskey and his wife conveyed all of the residential property to the north of what is presently known as Hill Street to Alice Hill in 1877. The residential lands to the south of the strip of land presently known as Hill Street were conveyed by Petoskey and wife to Lewis Watson in 1874. Petoskey retained possession and ownership of a strip of land 78 rods long and 4 rods wide which was situated between the parcels he had conveyed to Alice Hill and Lewis Watson.

In 1885, Lewis Petoskey and his wife conveyed the retained strip of land to Alice Hill. This strip of land is presently known as Hill Street.

Plaintiffs are the present owners of the residential lands abutting upon Hill Street. Defendant is a municipal corporation of Emmet County, chartered under the home rule act under charter approved by the electors of Petoskey on November 4, 1924.

On July 21, 1969, the City Council of the City of Petoskey enacted Resolution No 9990 which declared

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the necessity for a public sidewalk through the Hill Street right-of-way. Notice was sent to the owners abutting upon Hill Street ordering the owners to construct the necessary sidewalk. The notice also stated that if the order was not complied with in 30 days, the city would construct the sidewalk and charge the expense thereof to the abutting properties.

The plaintiffs challenged the validity of City Council Resolution No 9990 by complaint dated October 14, 1969. Plaintiffs alleged adverse ownership of the Hill Street right-of-way where the sidewalk was to be placed. Plaintiffs further contend that the charge for the sidewalk was void as an assessment for an improvement from which they derived no benefit.

On August 25, 1969, the City Council of the City of Petoskey enacted Resolution No 10017 which ordered the removal of a barricade located at the eastern end of Hill Street. The effect of this resolution was to change Hill Street from a "dead-end" street to a through street.

Plaintiffs challenged the validity of city council Resolution No 10017 by complaint dated August 28, 1969. Plaintiffs alleged Resolution No 10017 destroyed the residential character of Hill Street and their private property rights in the right-of-way. Plaintiffs also alleged that the enactment of Resolution No 10017 was improper because it was for the purpose of benefiting the Petoskey Public Schools.

The two complaints filed by plaintiffs were consolidated for trial. Plaintiffs appeal the judgment entered October 20, 1969, dismissing both complaints.

Plaintiffs first contend that they have acquired ownership by adverse possession in all of the right-of-way except that portion (22 feet) of Hill Street which the city has paved. Plaintiffs base their claim

on the fact that they have planted lawns, constructed fences, and in one instance even built a garage on a portion of the land in dispute.

The trial judge, in his opinion, found that Hill Street was a public street 66 feet (4 rods) in width and free from any private property rights. The trial court's opinion was based upon common-law dedication.

The rule in Michigan is well settled that there need be no formal dedication of public streets. The Michigan Supreme Court stated in *Chene* v. *City of Detroit* (1933), 262 Mich 253, 258:

" 'It is unnecessary to refer to the many cases in which this question has been discussed, as the rule is well settled that a dedication under the statute is not necessary where the facts are sufficient to establish a dedication at common law. In order to create a common-law dedication, there must be, first, an intention on the part of the owner to dedicate lands or premises to a public use; and, second, such dedication must be accepted by the public authorities. The acceptance may be evidenced either by express declaration or by acts of user indicating an intention to accept such property for the public use or purpose to which the owner has by his declarations or acts set it apart.' " (Quoting from a trial court opinion which the Supreme Court adopted as its own.)

The 66-foot strip has been used as a right-of-way since the original patentee, Lewis Petoskey, conveyed the strip to Alice Hill. The act of setting aside this strip at the time of the conveyances is a sufficient manifestation of the intention by Petoskey to dedicate lands to the public use. Therefore, the requirement in *Chene* v. *City of Detroit* that there must be an intention by the owner to dedicate the land to the public use has been met.

The City of Petoskey has maintained and improved Hill Street through the expenditure of public funds. The city has installed water mains, fire hydrant service, lights, and a sewer system. The city has plowed snow from the street in winter and has paved a portion of the street 22 feet in width. These acts, under *Chene,* are sufficient to constitute an acceptance of a dedication to the public use.[1] Therefore, since both requirements of *Chene* v. *City of Detroit* have been met, we find that the trial court was correct in holding that Hill Street constitutes a public right-of-way.

Plaintiffs claim, however, that they have obtained ownership by adverse possession to all of the right-of-way except the 22-foot portion which is paved. However, MCLA § 247.190 (Stat Ann 1958 Rev § 9.270), provides:

"All public highways for which the right-of-way has at anytime been dedicated, given or purchased, shall be and remain a highway of the width so dedicated, given or purchased, and no encroachments by fences, buildings or otherwise which may have been made since the purchase, dedication or gift nor any encroachments   *   *   *   which may hereafter be made, shall give the party or parties, firm or corporation so encroaching, any title or right to the land so encroached upon."

We hold, therefore, that the trial court was correct in finding Hill Street to be a public right-of-way 66 feet in width which is free from private property rights.

Plaintiffs next contend that the sidewalk provided for by Resolution No 9990 constitutes a detriment and not a benefit to Hill Street and is not,

---

[1] See also MCLA § 221.20 (Stat Ann 1958 Rev § 9.21), which not only establishes that Hill Street, under the facts in this case, is a public highway, but also establishes the highway's width at four rods.

therefore, the proper subject of a special assessment.

MCLA § 103.1 (Stat Ann 1949 Rev § 5.1820), provides:

"The city council shall have control of all sidewalks in the public streets and alleys of the city, and may prescribe the grade thereof, and change the same when deemed necessary. They shall have power to build, maintain and keep in repair sidewalks and crosswalks in the public streets and alleys, and to charge the expense of constructing and maintaining such sidewalks upon the lots and premises adjacent to and abutting upon such walks."

The city council, therefore, has the power to build sidewalks. Where they are to be built and how wise or unwise it is to build them is a question for that body and not the courts. The Michigan Supreme Court stated the rule for judicial non-interference with municipal authority in *Veldman* v. *City of Grand Rapids* (1936), 275 Mich 100, 111, 112:

"So long as the power to govern the city and control its affairs is vested by the people in local municipal officers in pursuance of law, neither this court nor any other may assume to dictate the local governmental policy of the municipality. * * * So long as the city commission acts within the limits prescribed by law, the court may not interfere with its discretion. The judiciary is not charged with supervisory control over the exercise of governmental functions of the City Commission of Grand Rapids. It is not the business of courts to act as city regulators and, unless the authority of the representatives of the citizens * * * has been illegally exercised, their action cannot be interfered with merely because it may not seem to other persons to have been as wise as it ought to have been."

Since plaintiffs make no claim that the action by the council is illegal, we hold that the trial court was correct in finding that Resolution No 9990 was

a valid exercise of the city council's discretionary authority and was, therefore, not a proper subject for judicial review.

Plaintiffs finally contend that Resolution No 10017 which provided for the removal of a barricade thus changing Hill Street from a "dead-end" street to a through street was an arbitrary action for which the city council has no power.

MCLA § 102.1 (Stat Ann 1949 Rev § 5.1806), provides:

"The council shall have supervision and control of all public highways, bridges, streets, avenues, alleys, sidewalks and public grounds within the city, and shall cause the same to be kept in repair, and free from nuisance."

Accordingly, since the city council has the authority to supervise the city streets, it was within its discretion to either leave Hill Street barricaded or to remove the barricade. The trial court was correct in refusing to interfere with the council's decision. *Veldman* v. *City of Grand Rapids, supra.*

Affirmed.

All concurred.