CITY OF ST. IGNACE v McFARLANE

1. HIGHWAYS—PUBLIC USER—RIGHT-OF-WAY—STATUTORY PRESUMPTION.

The highway-by-user statute is not restricted to streets and highways four rods in width; there exists only a rebuttable presumption that the right-of-way is four rods wide and where the presumption is rebutted the statute applies to the portion of land actually used for right-of-way purposes (MCLA 221.20).

2. HIGHWAYS — PUBLIC USER — RIGHT-OF-WAY — BOUNDARIES — EVIDENCE.

Establishment of a definitive north line for a roadway claimed under the highway-by-user statute and ordering that a registered surveyor provide a description to be used in the judgment was not error in the absence of any authority to indicate that the procedure undertaken was error (MCLA 221.20).

3. HIGHWAYS—PUBLIC USER—EXCLUSIVE USE.

An open, notorious, and exclusive public use of a portion of the defendants' land for a public roadway was established under the highway-by-user statute where sufficient evidence was introduced to show that plaintiff city had improved and maintained the roadway by grading, oiling, sealcoating, patching, and snowplowing with defendants' knowledge and without objection for the statutory ten-year period, and the testimony of one of the defendants revealed that the roadway was used by persons owning adjacent business property, residents, and the general public, and such testimony was substantiated by several other witnesses; and use of the roadway by defendants for ingress and egress to their business and for parking in no way diminished or detracted from the exclusive use of the land as a roadway by the public (MCLA 221.20).

Appeal from Mackinac, Edward H. Fenlon, J. Submitted Division 3 January 4, 1973, at Grand

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 39 Am Jur 2d, Highways, Streets, and Bridges § 52.

Rapids. (Docket No. 12865.) Decided February 22, 1973.

Complaint by the City of St. Ignace for an injunction to restrain Owen McFarlane and Elda McFarlane and Frank Glashaw and Helen R. Glashaw from obstructing a roadway. Injunction granted. Defendants appeal. Affirmed.

*Prentiss M. Brown, Jr.,* for plaintiff.

*Edward G. McNamara, Jr.,* for defendants.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

FITZGERALD, J. Defendants appeal from a judgment awarded to plaintiff City of St. Ignace granting injunctive relief by a restraining order prohibiting defendants from encroaching upon or obstructing a roadway called Glashaw Lane. The trial court determined that the public use of a portion of defendants' land for a period of ten years preceding the filing of suit satisfied the highway-by-user statute.[1] We agree.

The City of St. Ignace was granted by deed a 20-foot way entitled Glashaw Lane on May 14, 1959. Defendants, Owen and Elda McFarlane, obtained title to land north of and adjacent to Glashaw Lane from the same grantor on October 26, 1959.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 221.20; MSA 9.21: "All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not, * * * shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act. All highways that are or that may become such by time and use, shall be 4 rods in width, * * * ."

Testimony was introduced from several witnesses that Glashaw Lane provided ingress and egress to a bulk-oil plant, was used extensively by a garbage-disposal concern, and served as an avenue of transportation for residents living on Glashaw Lane as well as for the general public. Further testimony indicated that Glashaw Lane had been used continuously, without obstruction, for 19 years by employees of the bulk-oil plant. During this time the city had improved and maintained the road, changing the surface over the years from gravel to graded crushed rock to one of tar and chips.

On October 12, 1969, defendants obstructed the road by driving steel fence posts into the approximate center of the blacktop portion of the road. Defendants contend these posts were placed at the southernmost boundary of their property. The city superintendent of streets, Mario Calcatera, testified that the hard surface of the lane extended north of defendants' south property line at distances varying from approximately 4 feet to 10-1/2 feet. He further stated the road was used by the people in the area without objection from defendants and no prior attempt to obstruct the roadway had been made. Defendant Owen McFarlane conceded that he did not prevent the city from improving and maintaining the roadway.

Defendants consider Glashaw Lane to be an alley, and contend the applicability of the highway-by-user statute is restricted to streets and highways. We are not so persuaded. The description in the deed to the city referred to Glashaw Lane as a public road.

"Lot 13, Assessor's Plat No. 3, City of St. Ignace described as follows: For use as a *public road* to be known as Glashaw Lane; * * * ."

It is not necessary that a public way be four rods in width in order for the highway-by-user statute to be invoked. There exists only a rebuttable presumption that the right-of-way be four rods in width. Where rebutted, the highway-by-user statute applies only to the portion of land actually used for right-of-way purposes. *Platt v Ingham County Road Commission*, 40 Mich App 438 (1972).

Defendants next argue that incompetent evidence was submitted to establish the existence of a defined line for the roadway claim under the highway-by-user statute. They contend the sketch prepared by the city superintendent of streets without supporting evidence was insufficient to establish the north limit of the area claimed by user. We find no error in the court's determination of a definitive north line and the subsequent order that a registered surveyor provide a description to be used in the judgment. Defendants present no authority to indicate the procedure here undertaken was error. Further, this Court will not disturb findings of the trial court unless clearly erroneous. GCR 1963, 517.1; *Grand Rapids Asphalt Paving Co v City of Wyoming*, 29 Mich App 474 (1971).

It is claimed by defendants that insufficient evidence was presented to establish Glashaw Lane as a highway by user. Our investigation mandates a contrary result. The highway-by-user statute was interpreted by the Michigan Supreme Court in *Indian Club v Lake County Road Commissioners*, 370 Mich 87, 89 (1963):

" '[T]here must be a defined line, and it must be used and worked upon by the public authorities, and traveled over and used by the public, for 10 consecutive years, without interruption, and the possession thereof by the public must be open, notorious, and exclusive.'

*Alton v Meeuwenberg* (syllabus 4), 108 Mich 629 (1896)."

The discussion in the preceding paragraph establishes that a defined line for the roadway did exist. Sufficient evidence was introduced to show plaintiff had improved and maintained Glashaw Lane since 1956. The city's activity in grading, oiling, sealcoating, patching, and snowplowing Glashaw Lane with defendants' knowledge and without objection constitutes use and maintenance sufficient to satisfy the statutory requirement. The general public has used the claimed roadway for ten consecutive years without interruption. Defendant Owen McFarlane's own testimony reveals that the roadway was used by persons owning adjacent business property, residents, and the general public. This evidence was substantiated by several other witnesses. Finally, in support of plaintiff's contention that the public use of the roadway was open, notorious, and exclusive, we adopt the trial court's finding which appears at pp 4–5:

"In the court's opinion, exclusive use or possession as an element of establishing a highway by user means that the roadway sought to be established must, for a period of ten years, be used exclusively for a public road. The fact that defendants also used the same roadway as a road does not detract from this exclusiveness. Defendants' use of the roadway for ingress and egress to their business and parking in no way diminished or detracted from the exclusive use of the land as a roadway by the public since 1956."

The openness and notoriety which described the use made of the claimed roadway was adequately demonstrated from the evidence presented. The purported lack of exclusivity advanced by defendant belies the proper context in which the word is used. Exclusive refers to the use being made

rather than the persons making use of the claimed roadway. *Indian Club v Lake County Road Commissioners, supra.*

Defendants claim they were deprived of their property without just compensation. This contention is now being advanced for the first time. Issues not raised by the pleadings will ordinarily not be considered on appeal. 7A Callaghan's Michigan Pleading & Practice (2d ed), § 57.40, p 307.

Finally, defendants raised the issue, yet fail to support their contention, that the judgment granted was against the great weight of the evidence. The mere statement of a position unsubstantiated by argument or relevant authority precludes appellate review. *Delta Twp v Eyde,* 40 Mich App 485 (1972).

Affirmed. No costs, a public question being involved.

All concurred.