DeWITT v ROSCOMMON COUNTY ROAD COMMISSION

1. Dedication—Acceptance—Evidence—Easements.

   In the absence of adequate evidence of public acceptance a dedication of lands for a public use, even if proved in fact, is not sufficient to establish a public road because such a dedication to be effective requires an acceptance for such use by or on behalf of the public and proof of no more than an easement reserved across a portion of the land in question as purported "dedication" of the land is insufficient.

2. Dedication—User—Acceptance—Evidence.

   There must be proof of some acts by a public authority indicating an acceptance before acceptance will be inferred for a dedication of a public highway.

3. Dedication—Public Records—Irregularities—Appeal and Error—Discretion.

   The Court of Appeals may in its discretion tolerate inconsequential technical irregularities in record keeping, but it will not ignore statutory requirements and determine that private land was accepted for use as a public road, where there is an absence of required definitive public entries regarding such an acceptance.

Appeal from Roscommon, Dennis J. O'Keefe, J. Submitted Division 3 January 3, 1973, at Grand Rapids. (Docket No. 12976.) Decided March 27, 1973.

Complaint by William L. DeWitt against the Roscommon County Road Commission, the Gerrish Township Board, Grace O. Moore, Elsa Conrad, and others to have a strip of land declared a public road. Judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 23 Am Jur 2d, Dedication §§ 52–54, 71.

*Varnum, Riddering, Wierengo & Christenson* (by *John F. DeWitt),* for plaintiff.

*James V. Rutledge,* for defendants Moore and Conrad.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

HOLBROOK, P. J. This case involves a dispute over a rectangular piece of land leading to the shores of Higgins Lake in section 22, Gerrish Township, Roscommon County. It is the claim of plaintiff and one of the defendants, Roscommon Road Commission, that the strip in question is a public road. The contested parcel of land is 66 feet wide and approximately 300 feet long and if it were a public road it would be an extension of Gallagher Road traveling west and ending at the shores of Higgins Lake. Plaintiff owns a subdivision adjacent to Gallagher Road, and if Gallagher Road were extended to the lakeshore lot owners in the subdivision would have a convenient public access route to Higgins Lake. While this thought pleases plaintiff, since the value of his subdivision lots would increase were there a nearby public access, it distresses defendants Moore and Conrad, whose boathouse would suddenly be in the middle of Gallagher Road if plaintiff prevailed, and who in any case claim ownership in fee to the entire property in question.

Plaintiff argues essentially three points on his appeal: that defendants should be estopped from asserting private ownership in the land because of the original grantor's alleged previous dedication; that there was proof of use and acceptance of the

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

land as a public road; and that the land was dedicated and accepted as a public road through petition by certain landowners.

Plaintiff's first argument asserts that while the southern 33 feet of "roadway" are admittedly Moore and Conrad land, the northern 33 feet, acquired by these defendants by quitclaim deed, were dedicated to the public as a road by the original grantor of the land, a dedication subsequently accepted. Therefore, the argument goes, the defendants as grantees are estopped from denying the existence of the road over the entire 66-foot-wide parcel. Dedication is an appropriation of land to some public use made by owner of the fee and accepted for such use by or on behalf of the public. *Elias Bros, Inc v City of Hazel Park,* 1 Mich App 30 (1965). Neither a grant nor written words are necessary to render the act of dedicating land to public uses effectual at common law; intent to dedicate can be gathered from the circumstances. *Petoskey Chamber of Commerce v Petoskey,* 372 Mich 483 (1964); *Sharkey v Petoskey,* 30 Mich App 640 (1971). Plaintiff submitted various proofs that lot owners to the north of the land owned by defendants had via deeds obtained easement rights for ingress and egress to Gallagher Road across the easterly 50 feet of the land conveyed to defendants. From this evidence the implication was to automatically follow that the original grantor dedicated the land in question to public use. The trial judge in his written opinion apparently found it unnecessary to make a specific finding as to the sufficiency of this evidence claimed to prove dedication by the grantor, since he could not discover adequate evidence of public acceptance even if dedication of the land was proved in fact. Our own conclusion is that plaintiff has not shown more

than proof of an easement reserved across the east portion of the land in question by this purported evidence of "dedication" of the land, as was similarly held in *Choals v Plummer,* 353 Mich 64 (1958). We therefore need not decide whether defendants could, under plaintiff's estoppel theory, still successfully assert ownership in one-half the contested land even if dedication of the other half was proved.

Plaintiff next claims that there was proof of dedication by user for the required ten-year statutory period and acceptance of the land as a public road after 1908. MCLA 221.20; MSA 9.21. Plaintiff asserts that the testimony of numerous witnesses as to their use of the land over the years supports his claim, a claim controverted by the testimony of defendants' witnesses. Were we in the position of the trier of fact we would have difficulty accepting plaintiff's contention in light of the comparative paucity of evidence he submits to show dedication by exclusive, open, and notorious public use. *Dryfoos v Maple Grove Twp,* 363 Mich 252 (1961); *Indian Club v Lake County Rd Commrs,* 370 Mich 87 (1963). Even if we now accepted plaintiff's contentions, we see no reason to question the factual determination of the trial judge, since it is not clearly erroneous. GCR 1963, 810; *Thomas v Burke,* 21 Mich App 333 (1970). Moreover, assuming dedication by user, there must then be proof of some acts by a public authority indicating an acceptance before an acceptance will be inferred for a "dedicated" public highway. *Pulleyblank v Mason County Rd Comm,* 350 Mich 223 (1957); *Sharkey, supra.* In this case there was contradictory evidence about whether the contested land had ever been worked by the county road commission or accepted by other public authority. Thus, a factual issue arose and was decided against plain-

tiff by the trial judge, a decision in which we again find no clear error. GCR 1963, 810; *Thomas, supra.*

Finally, plaintiff contends that in 1928 certain adjoining landowners applied to Gerrish Township to have the strip of land in question declared a public road. While plaintiff admits that records of subsequent statutory compliance to validate the application by the township are incomplete, he argues that this fact should be ignored, since there is other evidence of acceptance, and because the records are remarkably complete considering the early 1928 date. We refuse, however, to ignore the statutory requirements that were not met at the time of the purported proceedings. 1909 PA 283. To us the year 1928 seems quite modern, especially insofar as we are obligated to demand proof of the existence of appropriate public records before basing a decision upon what they allegedly contain. We may in our very limited judicial discretion tolerate inconsequential technical irregularities in record keeping, but not the wholesale absence of required definitive public record entries. See, *e.g., DeFlyer v Oceana County Rd Commrs,* 374 Mich 397 (1965).

Affirmed, with costs to defendants Moore and Conrad.

All concurred.