BOONE v ANTRIM COUNTY BOARD OF ROAD COMMISSIONERS

Docket No. 106387. Submitted March 14, 1989, at Grand Rapids. Decided June 19, 1989.

Daniel M. Boone and other owners of real property known as the Plat of Four-Way Lodge sought to subdivide their property, which extends to the middle of East Torch Lake Drive in Antrim County. East Torch Lake Drive is a county primary road and is the only public road providing access to the plat. Before approval of the plat, East Torch Lake Drive had a statutorily presumptive half-width right-of-way of thirty-three feet, there being no previous deed, dedication, or court proceeding which formally established the right-of-way. As a condition of plat approval, the Antrim County Board of Road Commissioners required the property owners to dedicate a fifty-foot half-width right-of-way to the public. The property owners complied with the dedication requirement. The owners subsequently filed suit against the board in Antrim Circuit Court seeking a determination whether the board as a condition of plat approval could require the plaintiffs to dedicate a right-of-way to the public along the only public road providing access to the plat and running adjacent thereto even though plaintiffs intended the public road to be exterior to the plat. The court, Charles M. Forster, J., found that defendant had acted properly in requiring the dedication of land and held that plaintiffs had no cause of action. Plaintiffs appealed.

The Court of Appeals *held:*

A review of the record and briefs suggests that a dedication to public use may have occurred, not statutorily but at common law, before plaintiffs undertook to enter the plat approval process. If a dedication at common law had in fact occurred, a half-width right-of-way of thirty-three feet would be presumed, subject to rebuttal upon proof that the width of the easement was expressly or impliedly restricted, and the road would have

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 25-31, 51-53; Zoning and Planning §§ 163-168.

Validity and construction of regulations as to subdivision maps or plats. 11 ALR2d 524.

been exempted from inclusion in the plat under the Subdivision Control Act. However, because plaintiffs agreed to include the road on their plat, the trial court correctly found that plaintiffs were required to dedicate the fifty-foot half-width right-of-way. Affirmed.

1. HIGHWAYS — SUBDIVISION CONTROL ACT — PLATS — EXEMPTION.
   The Subdivision Control Act specifically exempts from plat inclusion any previously dedicated highways, including highways dedicated by user at common law (MCL 560.134, 560.136; MSA 26.430[134], 26.430[136]).

2. DEDICATION — COMMON-LAW DEDICATION.
   Dedication is an appropriation of land to some public use made by the owner of the fee and accepted for such use by or on behalf of the public; dedication may occur by statute or at common law, with common-law dedication creating not fee title but only an easement in the public.

3. DEDICATION — PUBLIC STREETS — INTENT — ACCEPTANCE.
   There need be no formal dedication of public streets, and dedication may occur without a grant or even written words; however, there must be a clear and positive intent to dedicate, as unequivocally demonstrated by the actions of the owners, and if intent is established, there must also be either an express declaration or some acts by a public authority indicating acceptance.

4. HIGHWAYS — DEDICATION — HIGHWAY BY USER.
   Common-law dedication may occur under the highway-by-user statute, but mere use of a road is insufficient to make it a public highway; rather, such use by the public must be open, notorious, and exclusive for a period of eight or ten consecutive years, depending upon when the highway came into existence, and must include an acceptance by public authorities with the way taken and maintained as other highways, although the acceptance need only be such as to keep the road in a reasonably passable condition (MCL 221.20; MSA 9.21).

5. HIGHWAYS — HIGHWAY BY USER — WIDTH OF RIGHT-OF-WAY.
   The highway-by-user statute applies a presumptive half-width right-of-way of thirty-three feet, but the presumption may be rebutted upon proof that the width of the easement was expressly or impliedly restricted (MCL 221.20; MSA 9.21).

6. HIGHWAYS — SUBDIVISION CONTROL ACT — PLATS — DEDICATED HIGHWAYS.
   A road which may have been exempt from the Subdivision

Control Act by virtue of having been dedicated by user is brought within the ambit of the act where the owner of the property upon which the road is located includes the road in a plat submitted for approval of the board of county road commissioners as required by the act (MCL 560.101 *et seq.*; MSA 26.430[101] *et seq.*).

*Daniel M. Boone,* for plaintiffs.

*James G. Young,* and *Law, Weathers & Richardson, P.C.* (by *John M. Huff*), for defendant.

Before: WEAVER, P.J., and MURPHY and GRIFFIN, JJ.

WEAVER, P.J. Plaintiffs appeal as of right from a circuit court order dismissing their complaint for no cause of action. We affirm.

I

Plaintiffs sought to subdivide their real property known as the Plat of Four-Way Lodge, which property extends to the middle of East Torch Lake Drive in Antrim County. On appeal, it is the defendant road commissioners' plat requirement of a fifty-foot half-width road right-of-way which plaintiffs dispute. At trial, plaintiffs and defendant stipulated to the following facts upon which the trial court relied in rendering its decision.

East Torch Lake Drive is a "county primary road . . . directly adjacent to the Plat of Four-Way Lodge" and is "the only public road" providing access to the plat. Before approval of the plat, East Torch Lake Drive had a statutorily presumptive half-width right-of-way of thirty-three feet, there being "no previous deed, dedication or court proceeding which formally established the right-of-way."

In order to get subdivision plat approval, the

plat proprietors (plaintiffs) dedicated a fifty-foot half-width right-of-way to the public because this was a stated road commission requirement. Such requirement arose under rules lawfully promulgated by the road commission and applied uniformly pursuant to § 183 of the Subdivision Control Act, 1967 PA 288, MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.*, to all plats involving primary county roads. Plaintiffs would not have dedicated the fifty-foot half-width right-of-way to the public had it not been asserted as a requirement to obtain plat approval.

After hearing the parties' arguments based on their stipulated facts, the trial court rendered its findings and a decision of no cause of action. Plaintiffs appealed.

II

Under the parties' stipulated facts, East Torch Lake Drive had not previously undergone a formal dedication to public use. However, such stipulation would not foreclose a determination that the road may have been previously dedicated to public use at common law under the doctrine of "highway by user."

If the road had been previously dedicated by user at common law, then we would agree with plaintiffs' argument that they were not required to include their portion of East Torch Lake Drive in the subdivision plat proposal and dedicate a fifty-foot half-width right-of-way along the road. However, this is an issue which should have been resolved before plaintiffs agreed to include the road on their plat. Plaintiffs' acceptance of the road commission requirement to include the road on their plat bound them to the rules lawfully promulgated pursuant to the Subdivision Control Act.

Necessity for compliance with the road commission rules (inclusion of the road and dedication of the fifty-foot right-of-way) promulgated pursuant to MCL 560.105(c),[1] 560.181,[2] and 560.183;[3] MSA 26.430(105)(c), 26.430(181), and 26.430(183), is only triggered where abutting roads falling within the proprietor's land have "*not* previously been dedicated to public use." (Emphasis added.) MCL 560.134[4] and 560.136;[5] MSA 26.430(134) and

[1] MCL 560.105(c); MSA 26.430(105)(c) provides:
Approval of preliminary and final plats shall be conditioned upon compliance with:

\* \* \*

(c) Any published rules of a county drain commissioner, county road commission, or county plat board adopted to carry out the provisions of this act.

[2] MCL 560.181; MSA 26.430(181) provides:
All streets, alleys, roads and highways shown, or required to be shown on a plat shall comply with the requirements of sections 181 to 185 as a condition of approval of the final plat.

[3] MCL 560.183; MSA 26.430(183) provides in pertinent part
(1) The county road commission may require the following as a condition of approval of final plat for all highways, streets and alleys in its jurisdiction or to come under its jurisdiction and also for all private roads in unincorporated areas:
(a) Conformance to the general plan, width and location requirements that the board may have adopted and published.

[4] MCL 560.134; MSA 26.430(134) provides in pertinent part:
There shall be typewritten or printed on the final plat, a full and detailed description of the land embraced in the subdivision by distances and bearings. The description shall also include:

\* \* \*

(h) The area within the existing right of way of any abutting street, county road or state trunk line highway, *if* such area has *not* previously been dedicated to public use and if it is the proprietor's land. [Emphasis added.]

[5] MCL 560.136; MSA 26.430(136) provides in pertinent part:
The exterior boundaries of the subdivision as drawn on the plat shall include and correctly show:

\* \* \*

(d) The area within the existing right of way of any abutting street, county road or state trunk line highway, *if* such area has *not* previously been dedicated to public use and if it is the proprietor's land. [Emphasis added.]

26.430(136). Therefore the need to follow commission rules mandating inclusion of the road and the fifty-foot right-of-way would have been obviated by proof, before plaintiffs agreed to include the road on their plat, that a previous dedication to public use had occurred.

"Dedication" is an appropriation of land to some public use made by the owner of the fee and accepted for such use by or on behalf of the public. *DeWitt v Roscommon Co Rd Comm,* 45 Mich App 579, 581; 207 NW2d 209 (1973). Dedication may occur by statute or at common law, with common-law dedication creating not fee title but only an easement in the public. *Gunn v Delhi Twp,* 8 Mich App 278, 282; 154 NW2d 598 (1967). There need be no formal dedication of public streets, and dedication may occur without a grant or even written words. *DeWitt, supra; Sharkey v Petoskey,* 30 Mich App 640, 644; 186 NW2d 744 (1971). See also *Petoskey Chamber of Commerce v Petoskey,* 372 Mich 483; 127 NW2d 363 (1964). However, there must be a clear and positive intent to dedicate, as unequivocally demonstrated by the actions of the owners. *Laug v Ottawa Co Rd Comm,* 37 Mich App 757, 761; 195 NW2d 336 (1972), lv den 387 Mich 767 (1972). *Chene v Detroit,* 262 Mich 253, 258; 247 NW 172 (1933). If intent is established, there must also be either an express declaration or some acts by a public authority indicating acceptance. *DeWitt, supra* at 582; *Chene, supra; Sharkey, supra* at 644.

Common-law dedication may occur under the "highway-by-user" statute, MCL 221.20; MSA 9.21. Mere use of a road, however, is insufficient to make it a public highway. *Indian Club v Lake Co Rd Comm'rs,* 370 Mich 87, 89; 120 NW2d 823 (1963). Such use by the public must be open, notorious, and exclusive for a period of eight or

ten consecutive years, depending upon when the highway came into existence. *Id.; DeWitt, supra* at 582; *Dryfoos v Maple Grove Twp*, 363 Mich 252, 255; 109 NW2d 811 (1961). This use must also include an acceptance by public authorities with the way taken and maintained as other highways. *Indian Club, supra* at 90. The acceptance need only be such as to keep the road in a reasonably passable condition. *Id.* at 91.

The highway-by-user statute applies a presumptive half-width right-of-way of thirty-three feet. However, this presumption may be rebutted upon proof that the width of the easement was expressly or impliedly restricted. *Eyde Bros Development Co v Eaton Co Drain Comm'r*, 427 Mich 271, 297-298; 398 NW2d 297 (1986), reh den 428 Mich 1206 (1987); *St Ignace v McFarlane*, 45 Mich App 81, 84; 206 NW2d 226 (1973); *Laug, supra* at 766. Under the highway-by-user doctrine, therefore, such easement could be proven less than the presumed thirty-three feet, depending on the facts of each case.

In interpreting the provisions of the Subdivision Control Act at issue, our aim is to give effect to legislative intent. *Hiltz v Phil's Quality Market*, 417 Mich 335, 343; 337 NW2d 237 (1983). In assessing legislative intent, the statute is to be construed as a whole, in light of history and common sense, and its provisions so construed as to harmonize rather than conflict with each other. *Arrowhead Development Co v Livingston Co Rd Comm*, 413 Mich 505, 516; 322 NW2d 702 (1982). Every word, sentence, and section of a statute should be given effect, if possible, in an effort to arrive at a harmonious and consistent interpretation of the act as a whole. *Workman v DAIIE*, 404 Mich 477, 507;

274 NW2d 373 (1979); *Soap & Detergent Ass'n v Natural Resources Comm,* 415 Mich 728, 738; 330 NW2d 346 (1982).

Here, the commission was authorized to require compliance with its duly promulgated rules in order to carry out the provisions of the Subdivision Control Act. MCL 560.105(c); MSA 26.430(105)(c). However, the Subdivision Control Act specifically exempts from plat inclusion any previously dedicated highways, including highways dedicated by user at common law. MCL 560.134 and 560.136; MSA 26.430(134) and 26.430(136). Therefore it must be concluded that the Legislature did not intend for such previously dedicated highways to come within the road commission's statutory jurisdiction. *Workman, supra.* If East Torch Lake Drive had undergone previous common-law dedication as a highway by user, the commission would have been unauthorized to make final plat approval contingent upon inclusion of the plaintiffs' portion of the road. Accordingly, the road would have been merely "adjacent" to the plat and would not have been a highway "required to be shown on a plat." MCL 560.181; MSA 26.430(181). Therefore the commission would not have been empowered to require compliance with its general rule of a fifty-foot right-of-way dedication under authority of MCL 560.183; MSA 26.430(183), since such requirement would conflict rather than harmonize with the overall statutory scheme setting forth a specific exception for which plaintiffs would have qualified. *Arrowhead, supra.*

A review of the record and briefs suggests that a dedication to public use may have occurred, not statutorily but at common law, before plaintiffs undertook to enter the plat approval process in

1976.[6] However, because plaintiffs agreed to include the road on their plat, the trial court correctly found that plaintiffs were required to dedicate the fifty-foot half-width right-of-way. *CPW Investments No 2 v City of Troy,* 156 Mich App 577, 582-583; 401 NW2d 864 (1986), lv den 428 Mich 912 (1987).[7] Accordingly, the trial court's finding of no cause of action was not clearly erroneous. MCR 2.613(C); *Laug, supra* at 760.

Similarly, the trial court correctly found the holding in *Arrowhead, supra,* unsupportive of plaintiffs' position because *Arrowhead* dealt with

---

[6] Defendant stipulated that East Torch Lake Drive was a "public road." Although defendant argues that dedication must be statutory, by deed, or by judicial determination, and denies that dedication occurred because no formal process fixed the easement width with certainty, defendant's brief acknowledges that a "right of way for East Torch Lake Drive has been established by user." Defendant's brief also concedes, when comparing plaintiffs' case with that of *CPW Investments No 2 v City of Troy,* 156 Mich App 577; 401 NW2d 864 (1986), lv den 428 Mich 912 (1987), that "[b]oth plaintiff/appellants included a road in their plat which had previously been dedicated to public use. Both appellants included the roads in question in their legal descriptions of the tracts actually included in the plats."

Plaintiffs assert that defendant's stipulation to the highway being a "public" road is an acknowledgment that dedication by user had already occurred at some point prior to commencement of the plat application process. Plaintiffs argue that dedication occurred (1) from public use of the road for many years without any proprietor objection and (2) from acceptance by public authorities in expending large sums of public funds to grade, pave, ditch, plow, and otherwise maintain the road in good condition. Had plaintiffs not actually agreed to include the road on their plat and dedicate the fifty-foot half-width right-of-way, it would have been necessary to remand to the trial court for a factual finding limited to whether common-law dedication by user had occurred.

[7] The facts of plaintiffs' case fall within the ambit of the *CPW* panel's decision to require conformance with city code rules. Although the *CPW* panel recognized that previous common-law dedication by user would have excepted the plaintiff from a requirement to include the road in question, the plaintiff in *CPW,* like the plaintiffs in this case, actually did include the road in question on their subdivision plat. *Id.* at 582-583. Thus the road in question was a road "shown" on the plat for purposes of MCL 560.181; MSA 26.430(181), and the road commission was statutorily authorized to condition approval of plaintiffs' plat upon dedication of the fifty-foot half-width right-of-way. *Id.* at 583.

off-site construction. In *Arrowhead,* the Michigan Supreme Court held that a county road commission was without authority to require a subdivision developer to make improvements on a county road located entirely outside the platted subdivision as a condition precedent to plat approval. *Id.* at 510. By contrast, plaintiffs' land did not involve off-site construction but was land "shown" on a plat. Plaintiffs' agreement to include East Torch Lake Drive on their plat brought them within the ambit of the Subdivision Control Act and therefore negated the possibility that statutory dedication would not be required. Accordingly, the trial court's holding was not clearly erroneous. MCR 2.613(C); *Laug, supra* at 760.

III

Plaintiffs also ask this Court to decide whether a county road commission is empowered by the Subdivision Control Act under MCL 560.183 and 560.186; MSA 26.430(183) and 26.430(186) to require that plat proprietors make improvements to preexisting county roads adjacent to their plat. Because the question of improvements was not before the trial court and because it appears that plaintiffs were never asked to make improvements to East Torch Lake Drive, we decline to address this issue.

Affirmed.