## BAY COUNTY v. HENRY M. BRADLEY.

*Ejectment to remove obstructions from a public street.*

A county cannot bring ejectment to remove obstructions from land dedicated to the public use as a street, but held adversely to the public.

The county acquires no beneficial ownership of land dedicated to the public use as a street, and cannot dispose of it or control its use or enter into actual possession of it; and when the easement is ended its right ceases.

Error to Bay. Submitted June 13. Decided June 21.

EJECTMENT. Plaintiff brings error.

*Fatio Colt, T. A. E. Weadock* and *C. H. Denison* for plaintiff in error. The title of the county in public

streets is considered in *People v. Beaubien*, 2 Doug. (Mich.), 256; and see *Wanzer v. Blanchard*, 3 Mich., 11; *Callaway County v. Nolley*, 31 Mo., 393; *Guynne v. Cincinnati*, 3 Ohio, 24; but the public have only an easement, *Post v. Pearsall*, 22 Wend., 435; *Dovaston v. Payne*, 2 H. Bl., 527: 2 Smith's Lead. Cas., 199; the freehold continues in the original owner, *Peck v. Smith*, 1 Conn., 103; but when land is platted the owner parts with all private interest in that portion set apart for public uses, except a reversionary interest, *Canal Trustees v. Havens*, 11 Ill., 554; *Gebhardt v. Reeves*, 75 Ill., 301; *Hunter v. Middleton*, 13 Ill., 50; *Kimball v. Kenosha*, 4 Wis., 321; *Belleville v. Stookey*, 23 Ill., 441; *Carter v. Chicago*, 57 id., 287; *Jacksonville v. Jacksonville Ry. Co.*, 67 id., 540; *Milburn v. Cedar Rapids*, 12 Ia., 246; *Hughes v. R. R. Co.*, id., 261; in the case of a common law dedication, the owner of the soil of the highway or street may maintain ejectment, though not entitled to exclusive possession, and recovers subject to the public easement, *Goodtitle v. Alker*, 1 Burr., 133; *Alden v. Murdock*, 13 Mass., 256; *Bolling v. Mayor*, 3 Rand., 563; *Com. v. Peters*, 2 Mass., 125; *Perley v. Chandler*, 6 Mass., 456; *Stackpole v. Healy*, 16 Mass., 33; *Jackson v. Hathaway*, 15 Johns., 447; *Augusta v. Perkins*, 3 B. Mon., 443; a city may bring ejectment for lots dedicated by plat to church purposes, *Hannibal v. Draper*, 15 Mo., 634; or for a public square, *Winona v. Huff*, 11 Minn., 119; *Dummer v. Jersey City*, 20 N. J. Law, 86; *M. E. Church v. Hoboken*, 33 N. J. Law, 13; *Hoboken Land Co. v. Hoboken*, 36 id., 540; *San Francisco v. Sullivan*, 50 Cal., 603; *Savannah v. Steamboat Co.*, Charlt. (Ga.), 342; *Com'rs v. Boyd*, 1 Ired. (Law) 194; *Klinkener v. School Directors.*, 11 Penn. St., 444; *Alton v. Illinois Transportation Co.*, 12 Ill., 38; *Apalachicola v. Apalachicola Land Co.*, 9 Fla., 340.

*Hatch & Cooley* for defendants in error. The title of a county in land platted as a public street does not

vest until the dedication is accepted, *People v. Jones*, 6 Mich., 176; *Baker v. Johnston*, 21 Mich., 319; *Wayne County v. Miller*, 31 Mich., 448; *Detroit v. D. & M. R. R. Co.*, 23 Mich., 173; *Field v. Manchester*, 32 Mich., 279; and the county can do nothing tending to evidence its acceptance, such as improving the road, *Att'y Gen. v. Bay Supervisors*, 34 Mich., 46; on discontinuance of the easement, the title reverts to the adjoining proprietors, *Bissell v. N. Y. Cent. R. R.*, 23 N. Y., 61; *Perrin v. N. Y. Cent. R. R.*, 36 N. Y., 120; *Goodall v. Milwaukee*, 5 Wis., 32; *Milwaukee v. M. & B. R. R.*, 7 Wis., 85; *Mariner v. Schulte*, 13 Wis., 692; *Ford v. C. & N. W. Ry.*, 14 Wis., 616; *Weisbrod v. C. & N. W. Ry.*, 18 Wis., 35; ejectment is not a proper remedy for removing obstructions from streets, *Grand Rapids v. Whittlesey*, 33 Mich., 109; *Cincinnati v. White's Lessee*, 6 Pet., 431.

GRAVES, J. This case presents the question whether under our existing system a county can maintain ejectment for a strip of land regularly devoted to public use for a street by means of dedication pursuant to the statute (Laws of 1839, p. 162) and of acceptance by the proper authorities, where the defendant holds possession adverse to the public and creates obstructions.

An elaborate argument has been made to sustain the right of action; but we think the position is untenable. Many reasons against it are suggested to the mind, not necessary to be noticed.

In order to maintain ejectment in this State the plaintiff at the time of commencing suit must have "a valid subsisting interest in the premises claimed, and a right to recover the possession thereof," etc. Comp. L., § 6206. And it is not unworthy of notice that this provision concerning the necessity of a right of possession in the plaintiff accords with the maxim that no one can recover in ejectment who would not be entitled to enter without action.

Now what is the position of the county as respects a strip of land dedicated to public use as a street under the statute?

It acquires no beneficial ownership of the land, and exercises no volition about the transfer. Willing or unwilling, the law vests it with nominal title. It does not accept and cannot refuse. It cannot grant or otherwise dispose of the premises, and has no voice concerning the use. It is powerless to shorten the continuance of the easement, but other agencies may at any time bring it to an end, and in case of that the law does not allow even this figment of ownership to remain. In such event what was in the county vests in others.

But whilst it does remain it is expressly for public use and not for county use except as the county is part of the public. And the county cannot in character of an artificial person—and which is the character in which it sues—take or enter into actual possession without acting adversely to the lawful right of use, for in respect to the subject in question actual possession is use. The tenure of the county is therefore repugnant to a condition of the action.

Again, it may be questioned whether possession by an individual to the exclusion of use by the public can be held to be adverse to the county in any such sense as the theory of this form of action requires. So too it may be questioned whether the county can be said to have "a valid subsisting interest in the premises" within the meaning of the statute. But these points do not call for decision now.

The policy of the State has always favored specific methods for opening public streets and for keeping them clear of encroachments and obstructions, and in furtherance of it the Legislature at the last session extended the equity jurisdiction of the circuit courts in express terms to a large class of interferences.

Ejectment has never been considered here as a proper remedy to put the public in possession of land appro-

priated for streets or to keep it clear of unauthorized impediments, and the Legislature has never attempted to adapt the action to such occasions. No reference is intended by what is said, to various holdings for specific local uses, and where an action by the county for possession would be in consonance with proprietary and municipal duty and not incompatible with the nature of the tenure or the ordained mode of use.

The ruling of the circuit judge that the action could not be maintained was correct, and the judgment must be affirmed with costs.

CAMPBELL, C. J., and COOLEY, J., concurred; MARSTON, J., did not sit in this case.