ELLEN G. FURLONG *v*. A. N. DERINGER, INC.

February Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 7, 1940.

*Wm. R. McFeeters* for the defendant.

*H. J. Holden* for the plaintiff.

STURTEVANT, J. Defendant, A. N. Deringer, Inc., brings this appeal from a decree issued by the Court of Chancery for Franklin County. The chancellor found the facts to be as agreed by the parties from which findings appear the following material matters.

Plaintiff is the owner of certain lands in the town of Highgate, Vt., bounded northerly by Canada. A highway designated

U. S. route No. 7 extends through said lands and plaintiff holds the fee to lands within said highway limits here material. On the westerly side of said highway near the Canadian border is located a United States customs house. Defendant operates a customs brokerage business for profit with headquarters at St. Albans, Vermont. United States customs brokers are permitted to transact business for patrons on government premises but are not allowed to solicit patronage thereon. From about December 1, 1937, to and until after the bringing of this petition, in connection with its business, defendant has daily, except on Sundays, kept an employee stationed in an automobile parked off the travelled part of said road, within said highway limits and at a point opposite said customs house. This car has been so stationed from about 8 o'clock a.m. until about 5 o'clock p.m. except on Saturdays when it was removed at about noon. Defendant's car has been so parked for the purpose of providing a place from which its servants and agents could solicit customs brokerage patronage and during said period they have continued to do so.

The decree appealed from by defendant restrains it, its agents, servants and officers from conducting a brokerage business on lands of the plaintiff in Highgate, Vt., and from parking automobiles thereon for the purpose of advertising and from soliciting business thereon and also from using said lands for any other purpose than a proper viatic use of said highway.

Defendant asserts that while plaintiff holds the fee to the lands here in question she does so subject to the public easement in said highway and that the right of the public therein extends to all uses relating to passage of the public to and fro, the reasonable transportation of goods and persons and the dissemination of information. That the public is entitled to a proper viatic use of a highway is too well established to need argument or citation of authority. However, this fact does not avail the defendant in this case. It is not claiming that its occupancy of the lands in question is a necessity or even a convenience in connection with travel for its self or its officers or agents. It is here claiming the right to occupy plaintiff's land for the purpose of conducting a business for its private gain and profit. It makes an attempt to justify its claim upon the ground that

the nature of its business is such that the travelling public is convenienced thereby. This same argument may be used with equal force to one who sets up on another's land within highway limits a gas station, garage, restaurant and dozens of other business stands. Here the defendant is attempting to take another's property for its private use against the will and without the consent of the owner. This cannot be done. *Doty* v. *Village of Johnson*, 84 Vt. 15, 22, 77 Atl. 866; *Kasuba et al.* v. *Graves*, 109 Vt. 191, 205, 194 Atl. 455. This proposition is axiomatic and further citation of authority to support it is not necessssary.

*Decree affirmed. Let plaintiff recover her costs.*