PEOPLE, *ex rel.* DIRECTOR OF DEPARTMENT OF
CONSERVATION, *v.* LaDUC.

1. DEEDS—STATE—HIGHWAYS—INJUNCTION—BOAT LIVERY.
   State had fee title to land to which it had received quitclaim
   deed from the Federal government subject to existing rights
   of way for public highway purposes and other easements not
   material to suit by State to enjoin defendants' operation
   of boat livery from end of public highway.

2. HIGHWAYS AND STREETS—COMMON LAW—FEE TITLE—EASEMENT
   FOR PUBLIC HIGHWAY.
   The owner of the fee title to land over which a public road is
   established parts with such use only at common law, the
   title to the soil remaining in such owner.

3. SAME—PRIVATE ENTERPRISE—DAMAGE TO ADJACENT OWNER OF FEE
   TITLE.
   Boat livery, conducted from dock within the boundaries of,
   and as an extension of, a public highway within State park
   on land to which the State had title on each side of the
   highway and across river where no highway existed, consti-
   tuted a private use of the highway resulting in damage to
   the adjacent owner by depriving it of the profitable use of
   its property where such adjacent owner had granted a
   concession to another party from whom it was receiving a
   percentage of receipts.

4. SAME—INJUNCTION—PARTIES.
   The owner of property adjacent to public highway at place
   where another attempts to carry on a private enterprise or
   business is a proper party plaintiff in suit to enjoin such
   activity.

5. SAME—PUBLIC USE—CONSENT OF OWNER.
   The proper public viatic use of a public highway does not au-
   thorize the use of the highway for a private enterprise with-
   out the consent of the adjacent owner.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Deeds, § 332.
[2, 3, 5] 25 Am Jur, Highways, §§ 135, 152.

6. ACCOUNTING—STATES—INJUNCTION—CONCESSIONAIRES—BOAT LIV-
ERY.

> State, as owner of land adjacent to public highway from the
> end of which defendants were conducting a boat livery busi-
> ness in competition with party holding concession for like
> purpose, was entitled to accounting for percentage of de-
> fendants' receipts corresponding to percentage under its
> contract with its concessionaire for period from time bill
> was filed to enjoin defendants from the conduct of their
> business until hearing.

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted January 5, 1951. (Docket No. 63, Calendar
No. 45,009.) Decided March 1, 1951.

Bill by People of State of Michigan, *ex rel.* Percy
J. Hoffmaster, Director of the Department of Con-
servation, against Willard LaDuc and another to
restrain trespass. Decree for defendants. Plain-
tiff appeals. Reversed and decree for plaintiff en-
tered.

*Frank G. Millard,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *Nicholas V. Olds,*
Assistant Attorney General, for plaintiff.

NORTH, J. This appeal by plaintiff in an equity
case is from the decree in the circuit court dismissing
plaintiff's bill of complaint wherein plaintiff sought
to have defendants enjoined from committing an
alleged continuing trespass.

The State of Michigan is the owner in fee simple
of a large tract of land located in Whitefish town-
ship, Chippewa county, situated along and on both
sides of the Tahquamenon river in the area of the
lower falls. These lands are by law under the juris-
diction of the department of conservation and con-
stitute the Tahquamenon Falls State Park. Under
statutory authority (CL 1948, § 299.1 *et seq.* [Stat

Ann 1949 Cum Supp § 13.1 *et seq.*] and CL 1948, § 318.3 *et seq.* [Stat Ann § 13.1011 *et seq.*]) in 1947 the State, through its department of conservation as a State instrumentality, granted to Thomas W. Brown an exclusive public service privilege or concession by contract to use a portion of these lands for the purpose (among others) of operating a small boat livery business so that the visiting public could row across the river to get a better and closer view of these falls. The defendants, although owning no land and having no proprietary rights along the river in this area, but acting only in their capacity as members of the general public, carry on a competing boat livery business, renting their rowboats to the general public from a dock owned and constructed by Mr. Brown on land the State claims it owns, thus depriving both the State and its concessionaire of revenues.

Notwithstanding the defendants were repeatedly requested by the State authorities to discontinue their operations, they refused to do so. Thereafter plaintiff herein filed its bill of complaint for an injunction restraining defendants from operating their boat livery business. After full hearing in open court, dismissal of plaintiff's bill of complaint was decreed.

Defendants claim, and the circuit judge found, that the dock from which defendants operate their boat livery is at the end of a public highway extending about half a mile from a county road to the water's edge at the river. In other words, defendants claim that they have the right to operate the boat livery since the location where the business is carried on is within the boundaries of a public highway, and for that reason they are not trespassing upon lands owned by plaintiff. On the contrary, plaintiff takes the position that this public highway does not extend to the water's edge; but instead that it termi-

nates as a *cul-de-sac* approximately 400 feet north of the river. Without so adjudicating herein, our decision in the instant case will be made on the assumption, as contended by defendants, that the highway does extend to the water's edge.

Under the record before us, we hold that plaintiff would be the owner of the fee title to the land within the boundaries of this highway, even though it were subject to the right of the public to maintain and use the highway as such. The State obtained its title by a quitclaim deed from the Federal government. The deed recites that the grantor "does by these presents, release, remise and forever quitclaim unto said party of the second part, its successors or assigns (the property through which this highway passes), subject  *  *  *  to all existing rights of way for public highway," and certain other specified easements not material in this suit. There is nothing contained in the record before us that is at all material to our decision herein which limits or restricts the fee title of the State to the property involved, except as just above noted.

"By the common law, the fee in the soil remains in the original owner, where a public road is established over it; but the use of the road is in the public. The owner parts with this use only." *Barclay* v. *Howell's Lessee,* 6 Pet (31 US) 498, 513 (8 L ed 477).

As a result of our conclusion in the foregoing respect, the issue on this appeal narrows down to the following: Do defendants have the right, under the facts in this case, to continue to carry on their business of conducting a boat livery within the boundaries of the public highway where it reaches the river? In considering this issue it must be borne in mind that plaintiff is the fee owner of the land on both sides of the highway and on both sides of the river in this area, that there is no highway at this

point on the opposite side of the river, and that defendants do not use their boats as ferries as that term is used in the law. As stated in the circuit court's decree defendants claim, and the court found, that they operated their boat livery from "a public highway extending to the water's edge of the Tahquamenon river;" and therefore they are not operating the boat livery from or upon lands owned by plaintiff, and hence are not trespassing upon plaintiff's property. In consequence the trial court found "that the plaintiff has no jurisdiction or control over such a public highway; and that the defendants and the general public have a right to use such public highway; * * * and therefore, that the plaintiff is not entitled to an injunction restraining the defendants," as prayed by plaintiff.

The foregoing determination of the circuit judge might be sustained if defendants were only making such a use of the highway as the public in general is entitled to do. But unquestionably it appears from the record in this case that such is not the character of the use defendants are making of the highway. Instead they are using the highway at the place indicated as a situs for carrying on their private enterprise.

It may be assumed, as defendants claim, that the dock from which they operate their boat livery is within the boundaries of and is an extension of the highway. As such it would be a part of the highway. *Nuthals* v. *City of Green Bay,* 162 Wis 434 (156 NW 472). In a suit for the purpose of enjoining a trespass upon a highway, one who is the owner of property adjacent to the highway at the place where another attempts to carry on a private enterprise or business, is a proper party plaintiff. Especially is such the law when, as in the instant case, the carrying on of such private business results in damage to the adjacent owner by depriving him of a profita-

ble use of his property. The circuit judge was in error in holding otherwise, and in consequence decreeing dismissal of plaintiff's bill of complaint. In *Furlong* v. *Deringer, Inc.,* 111 Vt 220 (13 A2d 186), the court in a like case granted injunctive relief and said:

"That the public is entitled to a proper viatic use of a highway is too well established to need argument or citation of authority. However, this fact does not avail the defendant in this case. * * * It (defendant) is here claiming the right to occupy plaintiff's land (within the highway boundaries) for the purpose of conducting a business for its private gain and profit. It makes an attempt to justify its claim upon the ground that the nature of its business is such that the travelling public is convenienced thereby. This same argument may be used with equal force to one who sets up on another's land within highway limits a gas station, garage, restaurant and dozens of other business stands. Here the defendant is attempting to take another's property for its private use against the will and without the consent of the owner. This cannot be done. (Citing authorities.)"

In *State* v. *Muolo,* 119 Conn 323 (176 A 401), in passing upon an issue like that in the instant case, the court said:

"For one otherwise (than in lawful use of the highway) to maintain a place of private business in the highway in front of another's property is to commit a wrong against the owner of the fee. (Citing numerous cases.)"

While we deem it unnecessary to analyze or quote from them, as being quite pertinent to the phase of the law involved in the instant case, we cite the following: *People* v. *Foss,* 80 Mich 559 (8 LRA 472, 20 Am St Rep 532); *Smeberg* v. *Cunningham,* 96

Mich 378 (35 Am St Rep 613) ; *Crosby* v. *City of Greenville,* 183 Mich 452.

Plaintiff in its bill of complaint also seeks an accounting by defendants "for all moneys received by them  *  *  *  from June 1, 1947, to the date of the trial of this cause," from their boat livery business. The moneys so received totalled $1,346.50. However under the facts in this case we are of the opinion that defendants should not be decreed to account to plaintiff "for all moneys received by them" arising out of their boat livery business. Plaintiff's only right to participate in the income from a boat livery conducted at this place is under the contract with Thomas W. Brown, wherein it is provided there shall be paid annually for the concession 10 per cent. of the gross receipts on the first $7,500; 12½ per cent. on the second $7,500; and 15 per cent. of all gross receipts above $15,000. So far as disclosed by the record it does not appear that during the period for which an accounting is sought the gross receipts for any annual period exceeded $7,500. The 10 per cent. of the gross receipts from the operation by defendants of this boat livery would be approximately $130. We are of the opinion for that amount, and only for that amount, plaintiff is entitled to a decree for an accounting. The decree taken in the circuit court dismissing plaintiff's bill of complaint is vacated; and a decree may be entered in this Court granting plaintiff the injunctive relief prayed and an accounting for the amount hereinbefore indicated. Plaintiff may have taxable costs of both courts.

Reid, C. J., and Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.

Boyles, J., concurred in the result.